Martin, J.
delivered the opinion of the court. The plaintiffs state that they had a judgment against Wiltz and Arnaud, and that having received from Arnaud, one half of its amount, they had an execution levied for the other on Wiltz’s property, and the defendant prevailed on the sheriff, not to proceed therein, taking on himself and positively promising to pay the sum due, in the mouth of March following, whereupon the plaintiffs’ counsel assented thereto ; that soon after the said Wiltz died and the defendant, being appointed administrator of his estate, took possession thereof. Notwithstanding which he absolutely refuses to comply with his promise or to pay or satisfy the plaintiffs.
The defendant pleaded the general issue, denied that the sheriff seized any part of Wiltz’s property, the whole of which was pledged to the defendant as a security for a very large debt, before the judgment of the plaintiffs was recorded ; that the sheriff was informed of this, by the defendant ; that if he promised to pay, he did so in his capacity of syndics of Wiltz’s creditors.
*401 George W. Morgan, the sheriff, deposed that when he demanded payment of the plaintiffs’ judgment, the present defendant promised to pay it as soon as Arnaud came to town, and requested him to stay the execution on that condition. Some time after, he demanded payment and the defendant answered, he was advised not to pay, as he was not liable. The demand was made on the defendant, in consequence of the deponent, being informed, that he had the slaves of Wiltz.
It was admitted that Wiltz’s property had since been sold by the defendant, as hypothecary creditor.
The plaintiffs introduced the execution mentioned in the petition.
The district court gave judgment for the defendant, being of opinion that “ the assumpsit, if made, was made to the sheriff, who had no authority to receive it, and it was not binding on the defendant.” Whereupon the plaintiffs appealed.
It appears to us, that the proof does not correspond with the allegation and is incomplete. A promise to pay, in March or April, is charged and evidence given, of one to pay as soon as Arnaud came ; and it is not either shewn or alleged that Arnaud ever came.
Seghers for the plaintiffs, Cuvillier for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, that judgment of nonsuit be entered, and that the costs of this court be borne by the defendant and appellee, and those of the district court by the plaintiff and appellant.